IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RICHARD HENRY JOHNSTON, JR., | Case No. 24-cv-00442-DKW-WRP |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| CITY AND COUNTY OF HONOLULU, *et al.*, | |
| Defendants. | |

Plaintiff Richard Johnston moves to enjoin Defendants, the City & County of Honolulu and the Honolulu Police Department, from "continuing their pattern of harassment, false imprisonment, and attempted false imprisonment against Plaintiff." Dkt. No. 6. Defendants oppose the motion. For the straightforward reasons set forth below, the Court DENIES the motion.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because Johnston is proceeding without counsel, the Court liberally construes his filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Johnston, such as by supplying the

essential elements of a claim.   *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, whether in the motion, the Complaint, or any of his other numerous filings, however liberally construed, Johnston supplies not a shred of factual support for his purported claims.   Instead, Johnston merely conclusorily asserts that he has been "harass[ed]" or "false[ly]" cited by the Honolulu Police Department.   Dkt. No. 6 at 2; *see also* Dkt. No. 1 at 3-5.   This is plainly insufficient.   *See, e.g.*, *Spencer v. Virga*, 2017 WL 3333999, at *4 (E.D. Cal. Aug. 4, 2017) (denying a pro se motion for preliminary injunction in light of "the complaint's vague and conclusory allegations"); *Yarborough v. United States*, 2013 WL 12130568, at *1 (C.D. Cal. Mar. 19, 2013) (same).[1]   The same deficiency afflicts each of the *Winter* factors set forth above: in the motion and his reply, Johnston merely asserts the factors and states that the same have been

---

[1] Further, other than a brief reference to the "Constitution and laws of the United States[,]" the claims purportedly asserted in the Complaint—for "harassment", "false imprisonment", and "attempted false imprisonment"—all, on their face, appear to concern *State* law.   To the extent Johnston intends to assert a claim under 42 U.S.C. Section 1983, he, among other things, does not name any individual that has allegedly violated his constitutional rights and does not attempt to allege any element of a Section 1983 claim against a municipality.

satisfied without any factual (or legal) support.    Dkt. No. 6 at 2; Dkt. No. 34 at 1.

The motion for preliminary injunction, Dkt. No. 6, is, therefore, DENIED.

IT IS SO ORDERED.

Dated: May 12, 2025 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

Richard Henry Johnston, Jr. v. City and County of Honolulu, et al; Civil No. 24-00442 DKW-WRP; **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

3