IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD HENRY JOHNSTON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, *et al.*, <br><br> Defendants. | Case No. 24-cv-00442-DKW-WRP <br><br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

On May 12, 2025, the Court denied Plaintiff Richard Johnston's motion for preliminary injunction, which sought to enjoin Defendants, the City & County of Honolulu and the Honolulu Police Department, from "continuing their pattern of harassment, false imprisonment, and attempted false imprisonment against Plaintiff" (May 12, 2025 Order). Dkt. No. 35. Johnston has moved for reconsideration of the May 12, 2025 Order, arguing that the Court should have "expressly evaluated" videos and other purported evidentiary material he has filed in this case. Dkt. No. 36. At the same time, Johnston also filed a notice of appeal of the May 12, 2025 Order. Dkt. No. 39. For the reasons set forth below, the motion for reconsideration, Dkt. No. 36, is DENIED.

Initially, the Court assesses whether jurisdiction exists to consider the motion for reconsideration. Ordinarily, the filing of a notice of appeal results in the transfer

of jurisdiction from a district court to a court of appeals. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885-886 (9th Cir. 2001). This is true even where, as here, the appeal concerns an interlocutory order addressing a motion for preliminary injunction. *See* 28 U.S.C. § 1292(a)(1) (providing an appeal as of right to interlocutory orders "refusing" an injunction). Nonetheless, pursuant to Federal Rule of Civil Procedure 62.1(a), when a motion is filed in a case where the district court lacks jurisdiction due to a pending appeal, the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeal remands for that purpose or that the motion raises a substantial issue." Here, the Court takes the second permitted approach—denial of the motion for reconsideration.

In the motion for reconsideration, Johnston contends that the Court should reconsider the May 12, 2025 Order in order to "expressly evaluate" various purported evidentiary materials as well as "the balance of equities and likelihood of irreparable harm due to ongoing conduct and escalating citation frequency." Dkt. No. 36 at 1.[1]

Here, Johnston points to no valid basis for reconsideration of the May 12,

---

[1] A motion for reconsideration of an interlocutory order, such as the May 12, 2025 Order, is governed by Local Rule 60.1. Pursuant to that Local Rule, a party may seek reconsideration of an interlocutory order in three circumstances: (1) discovery of new material facts not previously available, (2) an intervening change in law, or (3) manifest error of law or fact. Local Rule 60.1.

2025 Order. First, Johnston merely points to purported evidence *already* in the record or arguments *already* made, *i.e.*, not *new* facts or an intervening change in the law. Second, Johnston ignores that the Court considered his purported evidence when stating that "not a shred of factual support" had been provided for his claims. Dkt. No. 35 at 2 (referencing the "other numerous filings" Johnston had submitted). Third, Johnston fails to explain what the Court allegedly missed in reviewing his purported evidence or how the same supports his conclusions of, for example, harassment and false citations. Fourth, Johnston continues to ignore that the motion for preliminary injunction merely contained conclusory assertions of misconduct and satisfaction of the preliminary injunction factors, irrespective of the purported evidence he cites. His motion for reconsideration errs in precisely the same way. Fifth, Johnston also continues to ignore that, even if his purported evidence or conclusory assertions provided support for something in his favor, he has still not explained how any of the same amount to the likelihood of success on a *federal*, as opposed to a *state* law, claim.

    Accordingly, the motion for reconsideration, Dkt. No. 36, is DENIED.

    IT IS SO ORDERED.

    Dated: May 21, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

3