IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD HENRY JOHNSTON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CITY AND COUNTY OF HONOLULU, *et al.*, <br><br> Defendants. | Case No. 24-cv-00442-DKW-WRP <br><br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND** |

On May 12, 2025, the Court denied Plaintiff Richard Johnston's motion for preliminary injunction, observing that no such relief was warranted because Johnston "supplie[d] not a shred of factual support for his purported claims[,]" Dkt. No. 35 at 2, a decision subsequently affirmed by the Ninth Circuit Court of Appeals, Dkt. No. 51.

Defendants, the City and County of Honolulu and the Honolulu Police Department, now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) ("motion"), relying upon this Court's May 12, 2025 findings and Johnston's subsequent failure to file an amended complaint consistent with pertinent Local and Federal Rules of Civil Procedure.   Dkt. No. 74.   Defendants request dismissal of the operative Complaint with prejudice.

For the reasons set forth below, the motion, Dkt. No. 74, is GRANTED IN PART to the extent that, because the claims in the operative Complaint are clearly deficient, Defendants are entitled to dismissal of the same.   However, although it is a close call given the procedural posture of this case, dismissal is with leave to amend, to the extent described below.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed…a party may move for judgment on the pleadings."   The standard governing a Rule 12(c) motion is "functionally identical" to that governing a Federal Rule of Civil Procedure 12(b)(6) motion.   *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addition, "the tenet that a court must accept as true all

2

of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). Justice does not require leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## PROCEDURAL BACKGROUND

In October 2024, Johnston initiated this action with the filing of a Complaint and a motion for preliminary injunction. Dkt. Nos. 1, 6. In the Complaint, Johnston asserted claims of harassment, false imprisonment, and attempted false

imprisonment against Defendants.   On February 14, 2025, Defendants appeared in this action by filing an Answer to the Complaint.   Dkt. No. 17.

On May 12, 2025, the Court denied Johnston's motion for preliminary injunction.   Dkt. No. 35.   In pertinent part, the Court found as follows:

> Here, whether in the motion [for preliminary injunction], the Complaint, or any of his other numerous filings, however liberally construed, Johnston supplies not a shred of factual support for his purported claims.   Instead, Johnston merely conclusorily asserts that he has been "harass[ed]" or "false[ly]" cited by the Honolulu Police Department.

*Id*. at 2.

Thereafter, Johnston both moved for reconsideration of the May 12, 2025 Order and appealed the same to the Ninth Circuit.   Dkt. Nos. 36, 39, 46.   Neither effort resulted in relief for Johnston.   Dkt. Nos. 43, 51.   After affirmance of the May 12, 2025 Order by the Ninth Circuit, Johnston twice attempted to amend the Complaint, moved for summary judgment, and filed multiple "notice[s]" of U.S. Supreme Court authority.   Dkt. Nos. 59, 61, 64-65, 70.   Again, these filings resulted in no affirmative relief for Johnston.   First, Johnston was not permitted to unilaterally file an amended complaint long after the period for doing so had expired.   Dkt. No. 68.   Second, Johnston's motion for leave to amend the Complaint was denied for failure to follow an applicable Local Rule.   Dkt. No. 72. Third, Johnston's motion for summary judgment was denied because it sought

4

such relief with respect to claims not alleged in the Complaint.   Dkt. No. 68. And, finally, the Court explained that it was unnecessary to notify the Court of general legal principles in filings separate from memoranda of law.   Dkt. Nos. 60, 62.

On February 25, 2026, Defendants moved for judgment on the pleadings. Dkt. No. 74.   Defendants argue that all claims should be dismissed with prejudice because the Complaint fails to allege factual support for the same and because Johnston has failed to properly amend his claims since entry of the May 12, 2025 Order.   The same day, the Court set briefing on the motion, with Johnston's response due by March 11, 2026 and Defendants' reply due by March 25, 2026. Dkt. No. 75.

As of this date, Johnston has not filed a response to the motion.   Instead, on March 5, 2026, he filed a self-titled "motion for judicial notice of supreme court authority and notice of prior criminal acquittal, settlement demand, and statement of damages."   Dkt. No. 76.   The foregoing, even liberally construed, does not address any argument made in the motion.   Instead, Johnston contends that an unidentified U.S. Supreme Court decision is "directly applicable to this case", he has made a "formal settlement position" "to resolve this matter" of $14,780,000,

and, should this case go to trial, he will "seek hundreds of millions—and potentially billions—in damages." *Id*. at 1-3, 6.

Defendants did not reply to this non-responsive offering and, therefore, with the time for briefing complete, this Order follows.

## DISCUSSION

The substantive merit of Defendants' motion is straightforward. As the Court explained in its May 12, 2025 Order, the Complaint offers no *factual* allegations to support any of the apparent tort claims asserted therein for harassment, false imprisonment, or attempted false imprisonment. Instead, the Complaint simply uses those labels—"repeated harassment", "ongoing harassment", "systematic campaign of harassment", "false imprisonment", and "attempted to falsely imprison"—along with others—"false tickets", "false citations", "falsely charged", and "wrongfully detained"—without more. Again, this is plainly insufficient under federal pleading standards. *Iqbal,* 556 U.S. at 678. Defendants, therefore, are clearly entitled to dismissal of all claims asserted in the Complaint.

The only real issue is whether Johnston is entitled to leave to amend his claims. The matter is a close-call, given the procedural history of this case over the last year, which already includes various attempts to amend by Johnston.

However, on balance, the Court finds leave to amend to be appropriate under the circumstances here, particularly Johnston's pro-se status.   *See, e.g.*, *Brooks v. Tapestry, Inc.*, 2022 WL 21872531, at *1 (E.D. Cal. Oct. 31, 2022) (citing cases for the proposition that "courts have the discretion to grant a Rule 12(c) motion with leave to amend….").

Accordingly, should Johnston choose to file an amended complaint, he must write short, plain statements of: (1) the legal right he believes was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of the legal right; and (5) what specific injury he suffered because of the defendant's or defendants' conduct.   **Johnston must repeat this process for each right and each person or entity named as a defendant.**   In addition, Johnston may not rely upon conclusory assertions of wrongdoing, such as the ones identified above.   Instead, he must make *factual allegations* in support of all his claims.

Further, should he file an amended complaint, Johnston may not incorporate any part of the Complaint, Dkt. No. 1.   Instead, the amended complaint must stand alone; in other words, if filed, it must contain all factual allegations and claims upon which Johnston wishes to rely.   Therefore, to the extent any claims from the

7

Complaint are not re-alleged in any amended complaint, those claims will be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

## CONCLUSION

For the reasons set forth herein, the motion for judgment on the pleadings, Dkt. No. 74, is GRANTED IN PART to the extent that the Complaint is dismissed for failure to state a claim upon which relief can be granted.   Johnston is nonetheless permitted to file an amended complaint, consistent with the guidance above.

**Johnston may have until April 16, 2026 to file an amended complaint should he so choose.   The Court cautions Johnston that failure to file an amended complaint by April 16, 2026 will result in the dismissal of this case with prejudice and without further notice.**

IT IS SO ORDERED.

Dated: April 2, 2026 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

8