IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RICHARD HENRY JOHNSTON, JR., | Case No. 24-cv-00442-DKW-WRP |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE** |
| CITY AND COUNTY OF HONOLULU, *et al.*, | |
| Defendants. | |

In this case missing a key pleading element—factual allegations supporting pro se Plaintiff Richard Johnston's conclusory assertions of wrongdoing—the Court has provided Johnston with guidance, multiple warnings, and multiple opportunities to correct course, all to no avail.   Johnston instead continues with his now-evident pattern of conclusory assertions, interspersed with limited factual allegations concerning his allegedly failed prosecution, that do not state an actionable claim. As a result, Defendants City & County of Honolulu (City) and the Honolulu Police Department (HPD, and, together, Defendants) move to dismiss the First Amended Complaint (FAC) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).   For the reasons explained further below, the Court agrees that the FAC should be dismissed with prejudice and without further leave to amend.   The Court has advised Johnston of the pleading requirements in federal court and, as with his

prior efforts, he has failed to come close to stating an actionable claim.   The motion to dismiss, Dkt. No. 86, is, therefore, GRANTED.

## STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."   *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id*. (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id*. (citing *Twombly*, 550 U.S. at 556).

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires."   Fed.R.Civ.P. 15(a)(2).   Justice does not require

2

leave to amend when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## RELEVANT BACKGROUND

In October 2024, Johnston initiated this action with the filing of a Complaint and a motion for preliminary injunction.   Dkt. Nos. 1, 6.   In the Complaint, Johnston asserted claims of harassment, false imprisonment, and attempted false imprisonment against Defendants.   On February 14, 2025, Defendants appeared in this action by answering.   Dkt. No. 17.

On May 12, 2025, the Court denied Johnston's motion for preliminary injunction.   Dkt. No. 35.   In pertinent part, the Court found as follows:

> Here, whether in the motion [for preliminary injunction], the Complaint, or any of his other numerous filings, however liberally construed, Johnston supplies not a shred of factual support for his purported claims. Instead, Johnston merely conclusorily asserts that he has been "harass[ed]" or "false[ly]" cited by the Honolulu Police Department.

*Id*. at 2.

Thereafter, Johnston both moved for reconsideration of the May 12, 2025 Order and appealed the same to the Ninth Circuit.   Dkt. Nos. 36, 39, 46.   Neither

3

effort resulted in relief for Johnston.   Dkt. Nos. 43, 51.   After affirmance of the May 12, 2025 Order by the Ninth Circuit, Johnston twice attempted to amend the Complaint, moved for summary judgment, and filed multiple "notice[s]" of U.S. Supreme Court authority.   Dkt. Nos. 59, 61, 64-65, 70.   Again, these filings resulted in no affirmative relief for Johnston.

On February 25, 2026, Defendants moved for judgment on the pleadings with respect to the Complaint, seeking dismissal of the same with prejudice.   Dkt. No. 74.   Johnston did not file a response to this motion.   Instead, on March 5, 2026, he filed a self-titled "motion for judicial notice of supreme court authority and notice of prior criminal acquittal, settlement demand, and statement of damages."   Dkt. No. 76.   The foregoing, even liberally construed, did not address any argument made in the motion.   Instead, Johnston asserted that an unidentified Supreme Court decision was "directly applicable to this case", he had made a "formal settlement position" "to resolve this matter" for $14,780,000, and, should this case go to trial, he would "seek hundreds of millions—and potentially billions—in damages."   *Id*. at 1-3, 6.

On April 2, 2026, the Court granted in part the motion for judgment on the pleadings.   Dkt. No. 77.   With respect to dismissal, the motion was "straightforward[]" because the Complaint offered "no *factual* allegations" to support any of the apparent claims for harassment, false imprisonment, and/or

4

attempted false imprisonment.  *Id*. at 6.   Instead, the Complaint merely asserted conclusory labels, such as "ongoing harassment", "false imprisonment", and "false citations".  *Id*.   As for dismissal *with* prejudice, however, while it was a "close-call", the Court found leave to amend to be appropriate in light of Johnston's pro-se status.  *Id*. at 6-7.   The Court, nonetheless, forewarned Johnston that, in any amended complaint he should file, he could not rely upon conclusory assertions of wrongdoing, such as the ones in the Complaint, and must make factual allegations in support of any claims.  *Id*. at 7.

Five days later, on April 7, 2026, Johnston ignored the Court's instructions with respect to pleading his claims.  Dkt. No. 78.   More specifically, Johnston asserted claims for "malicious prosecution", "abuse of process", "economic interference", and "civil rights violations".  *Id*. at 4-5.   In support of these claims, Johnston conclusorily asserts that "baseless charges" were pursued against him, "[l]egal procedures" were used to "harass" him, his "business operations" were "intentionally interfered with", and he was deprived of liberty, property, and due process.  *Id*.   The only meaningful factual allegations in the FAC are that "the State" prosecuted Johnston and the prosecution was "effectively dismissed" after a police officer "failed to appear."  *Id*. at 2-3.   The FAC, though, fails to allege or otherwise identify any of the so-called "baseless charges", how Johnston was

"harass[ed]", how any business interference was "intentional[]", how he was deprived of liberty, property, or due process, or how the alleged prosecution was "malicious" or without probable cause.   The FAC also fails to link any specific conduct to any specific Defendant.

On the same day as filing the FAC, Johnston also filed five purported "motion[s]"—none of which advance this case in any way.   Principally, in every one of the motions, Johnston again sought "judicial notice of Supreme Court authority", without ever identifying the purported authority.   Dkt. Nos. 79-83. Irrespective, these motions are DENIED for the same reason as before—they are unnecessary.   *See* Dkt. Nos. 60, 62.[12]

On April 21, 2026, Defendants moved to dismiss the FAC with prejudice for the understandable reasons that it failed to follow the Court's prior instructions and failed to state an actionable claim under federal pleading standards.   Dkt. No. 86. The Court scheduled the motion to dismiss for hearing on July 17, 2026, Dkt. No. 89, meaning that a response to the same was due on or before June 26, 2026, *see* Local Rule 7.2.

---

[1]To the extent Johnston seeks other relief in the motions, such as "summary judgment" with respect to his claims, that relief is also DENIED because this case is far from worthy of summary judgment, at least in favor of Johnston.

[2]On April 7, 2026, Johnston also filed a purported "petition for writ of certiorari" "in the Supreme Court of the United States".   Dkt. No. 84.   Because this filing appears to have been meant for the Supreme Court and because this Court has no power to grant a writ of certiorari, the Clerk is instructed to STRIKE Dkt. No. 84.

As of the date of this Order, Johnston has not responded to the motion to dismiss in any proper or coherent manner.   Instead, Johnston has attempted to communicate with the Court via email, Dkt. No. 90, which the Court directed Johnston to cease doing, Dkt. No. 91, and file another amended complaint, Dkt. No. 93, which the Court struck as being unauthorized under Federal Rule of Civil Procedure 15, Dkt. No. 94.   On June 17, 2026, Johnston also filed, perhaps predictably, yet another purported "motion for judicial notice" of unidentified Supreme Court authority.   Dkt. No. 95.   To the extent this "motion" seeks relief related to bringing "fundamental constitutional principles" to the Court's attention, *id*. at 4, it too is DENIED as unnecessary.   The June 17, 2026 "motion", other than asserting that "genuine disputes of material fact exist", *id*. at 7, does not respond to the motion to dismiss.

On July 2, 2026, Defendants filed a reply in support of the motion to dismiss, observing, as the Court already has, that Johnston had failed to respond to the motion to dismiss.   Dkt. No. 96.   With the time for briefing at an end, this Order now follows.[3]

//

---

[3]On July 9, 2026, after the close of briefing, Johnston filed a "response" to Defendants' reply. Dkt. No. 98.   In other words, Johnston filed a sur-reply without leave of Court, as required under Local Rule 7.2.   The Clerk is, therefore, instructed to STRIKE Dkt. No. 98.

## DISCUSSION

As the foregoing section clearly indicates, the FAC has one fundamental shortcoming: it does not contain any *facts* to support critical elements of Johnston's claims. Specifically, there are no facts plausibly suggesting that Johnston was *maliciously* prosecuted—in fact, despite asserting the existence of "baseless charges", the FAC does not even allege what Johnston was charged or prosecuted for, when, or by whom. *See McDonough v. Smith*, 588 U.S. 109, 116 (2019) (stating that "[c]ommon-law malicious prosecution requires showing, in part, that a defendant instigated a criminal proceeding with improper purpose and without probable cause."). Similarly, there are no facts plausibly suggesting how any process was allegedly "abus[ive]" or improper. *See Young v. Allstate Ins. Co.*, 198 P.3d 666, 675 (Haw. 2008) (explaining that abuse of process has two essential elements: "(1) an ulterior purpose and (2) a willful act in the use of the process which is not proper in the regular conduct of the proceeding."). Further, despite Johnston's contentions that he has suffered millions, if not billions, of dollars in "business" loss, there are no facts plausibly suggesting, among other things, an existing or prospective business relationship, Defendants' knowledge of the same, or how either of the Defendants logically caused the purported losses. *See Haw. Med. Ass'n v. Haw. Med. Servs. Ass'n, Inc.*, 148 P.3d 1179, 1218 (Haw. 2006)

8

(explaining that the tort of intentional interference with business advantage has five elements, including the existence of a valid business relationship or prospective advantage, the defendant's knowledge of the relationship or advantage, purposeful intent to interfere, and legal causation).   Finally, other than asserting the terms "liberty", "property", and "due process", there are also no facts plausibly suggesting how any of Johnston's civil rights was violated.[4]

Dismissal is, therefore, warranted for failure to state a claim.   *See Iqbal*, 556 U.S. at 678.   On this occasion, dismissal without further leave to amend is also warranted.   Johnston has been repeatedly advised of the basic deficiencies in his pleadings, and he has failed to cure the same.   Instead, he has continued to rely upon conclusory assertions of wrongdoing.   There is, thus, no basis to believe that further leave to amend will produce a different result.   Because dismissal is for failure to state a claim, it is with prejudice.   The motion to dismiss, Dkt. No. 86, is GRANTED.

---

[4]This claim is brought under 42 U.S.C. Section 1983.   Dkt. No. 78 at 5.   The City (and HPD), however, are not liable under Section 1983 on a theory of respondeat superior, *i.e.*, for the conduct of their employees, *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658, 691 (1978), which appears to be the only possible theory of liability alleged in the FAC.   Put another way, this claim is also subject to dismissal because the FAC does not even attempt to allege a claim under *Monell* against Defendants.   *See id*. at 690-691 (explaining that a municipality can be sued under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is "visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels.").

## **CONCLUSION**

For the reasons set forth herein, the motion to dismiss, Dkt. No. 86, is

GRANTED.   The FAC is DISMISSED WITH PREJUDICE and WITHOUT

FURTHER LEAVE TO AMEND.

Johnston's "motions", Dkt. Nos. 79-83 & 95, are DENIED.   The Clerk is

instructed to STRIKE Dkt. Nos. 84 & 98, enter this Order, and CLOSE this case.

IT IS SO ORDERED.

Dated: July 13, 2026 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

10